1  MATTHEW J. GAUGER, Bar No. 139785
   GARY P. PROVENCHER, Bar No. 250923
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  428 J Street, Suite 520
   Sacramento, California 95814-2341
4  Telephone: (916) 443-6600
   Facsimile: (916) 442-0244
5  ATTORNEYS FOR PLAINTIFF

6
   MICHAEL C. SERVERIAN, SBN 133203
7  RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK
   96 No. Third Street, Suite 500
8  San Jose, California 95112
   Telephone: (408) 293-0463
9  Facsimile: (408) 293-9514
   ATTORNEYS FOR DEFENDANT
10

11

12

13               UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16  SHAUN KINNEY,                       ) No.   5:10-cv-00162 LHK
                                        )
17           Plaintiff,                 )
                                        )
18     v.                               ) JOINT REQUEST FOR [PROPOSED]
                                        ) ORDER APPROVING SETTLEMENT
19  CITY OF SANTA CLARA, a California   ) AND DISMISSAL WITH PREJUDICE
    Municipal Corporation,              )
20                                      )
             Defendant.                 )
21                                      )
    _____)
22

23       The parties in the above captioned matter have resolved their dispute. Pursuant to a

24  Settlement Agreement dated August 26, 2010 attached hereto and incorporated herein as Exhibit A

25  and an Interim Agreement memorialized in a letter dated February 22, 2010 referenced by the

26  Settlement Agreement and incorporated herein as Exhibit B, the parties agree that their competing

27  rights to free speech and reasonable time, place and manner restrictions are appropriately resolved.

28  ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

The parties therefore submit this Joint Request for an Order Approving Settlement and Dismissal with prejudice.

Dated: November 2, 2010

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
Matthew J. Gauger
Gary P. Provencher
Attorneys for Plaintiff

Dated: November 3, 2010

RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK

By: _____
Michael C. Serverian
Attorneys for Defendants

GOOD CAUSE HAVING BEEN SHOWN, this case is dismissed pursuant to the parties' Settlement Agreement with prejudice. The Clerk shall close the file.

Dated: November 10, 2010.

_____
The Honorable Judge Lucy H. Koh
United States District Judge

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street Suite 520
Sacramento, CA 95814-2341
(916) 443-6600

# Exhibit A

Settlement Agreement Kinney v Santa Clara C10-00162 LHK

1. The parties agree to resolve the entire dispute. Within 10 days of approval of this settlement agreement by the City Council and payment of the attorneys fees as described below, the plaintiff will file the appropriate papers dismissing the action with prejudice and will execute a release of claims. The City will rescind the November 21, 2009 citation issued to Mr. Kinney, Citation, # 9752.
2. The parties shall continue to comply with the interim agreement memorialized in the letter dated February 18, 2010 (attached here to and incorporated as though fully set forth) until the City adopts an ordinance covered the subject matter of the instant case.
3. Any such ordinance will be equally or more protective of the carpenter's speech rights as the interim agreement.
4. The City will approve this agreement within 30 days of execution. Within 30 days of ratification the City will pay the attorney fees and costs in paragraph 5 below.
5. The parties agree to a combined attorney fee and costs award of $42,500.
6. Any disputes over the interpretation, application or adoption of this agreement will be resolved through final and binding arbitration. In the event that the parties cannot agree on Richard D. Warren as an arbitrator, they will each pick another and those arbitrators will pick a third who will become the sole arbitrator.

_____ 8/26/10
For the City

_____ 8/26/10
For Mr. Kinney

# Exhibit B

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

428 J STREET, SUITE 520
SACRAMENTO, CALIFORNIA 95814-3314
TELEPHONE 916.443.6600
FAX 916.442.0244

February 22, 2010

Michael C. Serverian
Rankin, Landsness, Lahde, Serverian & Stock
96 N. Third Street, Suite 500
San Jose, CA 95112

Re:   Citation Homes Banner Citation
      Shaun Kinney v. City of Santa Clara
      Federal Civil Rights Suit Under § 1983
      Administrative Citation, Case No. 09 12748

Dear Mr. Serverian:

I am writing to follow up on the many voicemail messages we have each left one another and the telephone conversation between you, Gary Provencher and me the morning of February 17th.

First, the Plaintiff has no objection to withdrawing the claim for punitive damages.

Second, as I said in my voicemails, the Plaintiff has no objection to the Defendant rejecting the magistrate and mutually requesting the case be assigned to a federal district judge. Thank you for filing the documents to that effect.

Third, we discussed placing the pending fine in abeyance and limitations on the City's enforcement of the ordinance pending the outcome of this litigation. Those issues are discussed in a separate letter.

Finally, I do not believe this case is appropriate for mutual summary judgment motions. I think it is necessary to engage in discovery prior to the parties filing terminating motions. As you will recall, the complaint alleges that the ordinance is valid on its face and as enforced. Although I doubt there will be much dispute over the facts once discovered, it will be necessary to identify with precision the manner in which the sign ordinance is actually enforced.

February 22, 2010
Page 2

The facts Plaintiff will seek to establish in discovery will focus on the usually very lax system for enforcement and the reasons for the decision to deviate from that system regarding Mr. Kinney and the Carpenters. In discovery, the Plaintiff will seek answers to the following questions.

- If the City relies on a complaint only system what, if any, steps are taken to be sure that the City's enforcement does not regulate the content of speech by applying the objections of private parties to the content of a particular sign through the City's police power?
- What citations have occurred in the past?
- In Mr. Kinney's Agnew Road case, who contacted the Police or Code Enforcement Officers?
- What, in particular, was their complaint?
- Has Citation Homes, SCS Development, Steve Schott, Jr. or Sr. or any of their agents inappropriately sought the City's assistance in silencing Carpenters' speech?
- What training have Code Enforcement Officers or Police Officers received concerning application of the sign ordinance?
- What is the legislative history of the sign ordinance?
- Is the medium a public right of way?
- Have permits been issued for the permanent or temporary signs at or near the location that Mr. Kinney received his citation?
- Finally, how does the City distinguish the apparently temporary two-gate signs and model homes open sign from Mr. Kinney's temporary banner?

In his Rule 26 disclosure, Mr. Kinney will provide photographs of the area in question. Mr. Provencher and I are happy to further discuss with you the substantial constitutional problems in the City's sign ordinance. Amazingly enough, the ordinance even prohibits handbills as a temporary sign. See Section 18.80.020(o) and (q).

My colleague Mr. Provencher and I look forward to discussing this interesting matter with you.

Sincerely,

Matthew J. Gauger

MJG:tae
opeiu 3 afl-cio(1)
Enclosures

120952